**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| ***In re*:** | § | |
| | § | |
| | § | **Case No. 26-11321-smr** |
| **AMY SHAPE AND KEVIN SHAPE,** | § | **(Chapter 7)** |
| | § | |
| ***Debtors*** | § | |

| | | |
|---|---|---|
| **NIMA AZARI,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| ***vs*.** | § | **Adversary Proceeding No. ____________** |
| | § | |
| **AMY SHAPE AND KEVIN SHAPE,** | § | |
| | § | |
| ***Defendants*** | § | |

**ORIGINAL COMPLAINT TO DETERMINE AMOUNT OF AND DISCHARGABILITY OF DEBT**

TO THE HONORABLE SHAD M. ROBINSON, UNITED STATES BANKRUPTCY JUDGE:

Nima Azari, creditor in the above entitled and numbered Chapter 7 proceeding and the Plaintiff in this adversary proceeding ("Azari" or "Plaintiff"), files this Original Complaint to Determine Amount of and Dischargability of Debts complaining of Amy Shape and Kevin Shape, the Debtors in such Chapter 7 proceeding and the Defendants in this adversary proceeding (Amy Shape and Kevin Shape are collectively referred to as "the Shapes" or "the Defendants") (Azari and the Shapes are collectively referred to as "the Parties").

In this adversary proceeding, Azari seeks a determination by the Bankruptcy Court of the amount of the Shapes' indebtedness to Azari and that the Shapes' indebtedness to Azari is nondischargeable under the provisions of 11 U.S.C. §§523(a)(2)(A) and 523(a)(6). In support of such requested relief, Azari would respectfully show the Court the following:

## I.
## JURISDICTION, VENUE AND CONSENT TO FINAL ORDERS

1. The United States District Court for the Western District of Texas has jurisdiction over the subject matter of this adversary proceeding under the provisions of 28 U.S.C. §1334(b). This adversary proceeding is automatically referred to the Bankruptcy Court pursuant to the provisions of 28 U.S.C. §157(a) and the District Court's Order of Reference of Bankruptcy Cases and Proceedings dated October 4, 2013.

2. This adversary proceeding is a "core proceeding" within the meaning of 28 U.S.C, §157(b); consequently, the proceeding may be heard and determined by the bankruptcy judge, and a final judgment may be entered herein by the bankruptcy judge, subject to review under 28 U.S.C. §158.

3. Plaintiff consents to entry of final orders by this Court.

4. Venue is proper in the Western District of Texas under 28 U.S.C. §1409(a), because the Shapes' Chapter 7 bankruptcy proceeding is pending in that district.

5. The Shapes commenced their current bankruptcy case by filing a Voluntary Petition under Chapter 7 of the Bankruptcy Code on July 9, 2026 (the "Petition Date") [*See* Bankruptcy Case No. 26-11321, ECF Document No. 1].

## II.
## PARTIES

6. According to the Voluntary Petition filed by the Shapes in this case, the Shapes reside at 1405 Crested Butte Way, Georgetown, TX 78626.

7. Azari is an individual who currently resides in Oakland County, Michigan. Mr. Azari resided in Travis County at all times he was affiliated with Aries Pest Control, LLC and when the Shapes engaged in the conduct described below.

## II.
## FACTUAL BACKGROUND

8. In June of 2020, Plaintiff and Defendant Kevin Shape reached an agreement that Plaintiff would devote himself full time to developing and managing the business of Aries Pest Control, LLC ("Aries") in exchange for 50% of the membership interests in Aries being conveyed to Plaintiff and Plaintiff and Defendant Kevin Shape being paid the same compensation (the "Agreement").

9. In September of 2020 Plaintiff and Defendant Amy Shape discussed the Agreement and the incredible growth of Aries since the Agreement was reached. When Plaintiff learned that Defendant Amy Shape was the sole owner of Aries, he contracted with Defendant Amy Shape in that he would continue providing services for Aries, that Aries would continue paying the Plaintiff compensation equivalent to that of Kevin Shape, and she would convey 50% of the membership interests in Aries to Plaintiff (the "Second Agreement").

10. The Shapes promised Plaintiff that if Plaintiff promised to devote himself full time to developing and managing the business of Aries, he would immediately receive 50% of the membership interests in Aries and Plaintiff and Defendant Kevin Shape would be paid the same amount of compensation for their work for Aries.

11. From June 2020 through March 1, 2024, when Defendant Amy Shape "terminated" Plaintiff from Aries, Plaintiff honored his obligations under the Agreement and the Second Agreement and devoted himself full time to developing and managing Aries' business. Primarily as a result of Plaintiff's efforts, Aries grew from a business with virtually no annual revenue and no website to a business with over $600,000.00 in annual revenue, a robust on-line presence and over 170 5-star Google reviews.

12. Plaintiff was held out to 3rd parties and employees as a "co-partner" in Aries. Plaintiff, his fiancé, and the Defendants would discuss the status of Aries' business and Plaintiffs and Defendants' joint plans for the future of Aries when they socialized and when they attended Aries' business functions. The Shape Defendants acknowledged that Plaintiff was a co-partner in Aries – specifically that he owned 50% of Aries.

13. Despite being promised and assured that he was a 50% owner in Aries and that 50% of the membership interests in Aries would be conveyed to Plaintiff consistent with the Agreement and was only a formality, the Shapes refused to convey 50% of the membership interests in Aries to Plaintiff and "terminated" him on March 1, 2024.

14. The Shape Defendants breached their promises to convey 50% of the membership interests in Aries to Plaintiff and to pay the Plaintiff the same amount as Kevin Shape was paid.

15. The Shape Defendants actively concealed from the Plaintiff that they had no intentions of conveying 50% of the ownership in Aries to the Plaintiff. The Plaintiff only found out that the Shape Defendants never had any intentions of conveying 50% of the ownership in Aries when, during the first week of February of 2024 Defendant Kevin Shape accidently called the Plaintiff and the Plaintiff heard the Shape Defendants discussing that the intended on terminating the Plaintiff and not providing him with his 50% of the Membership Interests in Aries.

## III.
## FIRST CAUSE OF ACTION – FRAUD CAUSE OF ACTION AND DETERMINATION OF DISCHARGABILITY OF DEBT
## 11 U.S.C. Sec. 523(a)(2)(A)

16. Azari incorporates the preceding paragraphs 1 through 15 in the "Factual Background" Section as if fully set forth herein.

17. The Shape Defendants made false, material representations to the Plaintiff.

Specifically, that the Shapes would convey 50% of the membership interests in Aries to the Plaintiff and the Plaintiff would be paid the same compensation as Kevin Shape if the Plaintiff agreed to devote himself full time to developing and managing the business of Aries. Kevin Shape made these false, material representations to the Plaintiff at Plaintiff's house when Kevin Shape first met Nima Azari and performed pest control services at his house which was on or about June 30, 2020. Amy Shape made these false, material representations to the Plaintiff at Plaintiff's house when Amy Shape first met Nima Azari and took him his pay to his house which was in September of 2020.

18. When the Shape Defendants made the false, material representations to the Plaintiff the Shape Defendants knew the representations were false.

19. The Shape Defendants made the false, material representations to the Plaintiff with the intent that the Plaintiff act on such representations.

20. The Plaintiff actually and justifiably relied on the false, material representations made by the Shape Defendants.

21. The Shape Defendants' false, material representations to the Plaintiff caused the Plaintiff injury and resulted in a benefit to the Defendants.

22. The Shape Defendants' conduct in making false, material misrepresentations to the Plaintiff constitute false pretenses, false representations and actual fraud within the meaning of 11 U.S.C. §523(a)(2)(A).

## IV.
## SECOND CAUSE OF ACTION – FRAUD BY NONDISCLOSURE CAUSE OF ACTION AND DETERMINATION OF DISCHARGABILITY OF DEBT 11 U.S.C. Sec. 523(a)(2)(a)

23. Azari incorporates the preceding paragraphs 1 through 15 in the "Factual Background" Section as if fully set forth herein.

24. The Shape Defendants concealed from or failed to disclose certain material facts to the Plaintiff. Specifically, the Shape Defendants concealed from or failed to disclose that they were not going to convey 50% of the membership interests in Aries to the Plaintiff and that the Plaintiff would not be paid the same compensation as Kevin Shape if the Plaintiff agreed to devote himself full time to developing and managing the business of Aries.

25. Shape Defendants knew Plaintiff was ignorant of the facts and did not have an equal opportunity to discover the facts.

26. The Shape Defendants were deliberately silent when they had a duty to speak the truth to the Plaintiff. Specifically, the Shape Defendants had a duty to disclose material facts that they were not going to convey 50% of Aries' Membership Interests because they made a representation to the Plaintiff that they were going to convey 50% of Aries' Membership Interests to the Plaintiff that created a substantially false impression to the Plaintiff. The information the Shape Defendants withheld from the Plaintiff was material.

27. By failing to disclose the facts, the Shape Defendants intended to induce the Plaintiff to take action. Specifically, for the Plaintiff to agree to devote himself full time to developing and managing the business of Aries.

28. The Plaintiff actually and justifiably relied on the Shape Defendants' nondisclosure of the fact that they did not intend to convey 50% of the membership interests in Aries to the Plaintiff and the Plaintiff would not be paid the same compensation as Kevin Shape if the Plaintiff agreed to devote himself full time to developing and managing the business of Aries.

29. The Plaintiff was injured as a result of acting without the knowledge of undisclosed facts set forth in paragraph 28 herein and the Shapes benefitted.

30. The Shapes' conduct in failing to disclose the facts set forth in paragraph 28 herein constitutes false pretenses, false representations, and actual fraud within the meaning of 11 U.S.C. §523(a)(2)(A).

## V.
## THIRD CAUSE OF ACTION – DETERMINATION OF DISCHARGABILITY OF DEBT
## 11 U.S.C. Sec. 523(a)(6)

31. Azari incorporates the preceding paragraphs 1 through 15 in the "Factual Background" Section as if fully set forth herein.

32. 11 U.S.C. §523(a)(6) provides that a debt "for willful and malicious injury to another entity or to the property of another entity" shall be non-dischargeable. The term "entity" includes a person. 11 U.S.C §101(15).

33. The Shapes knowingly made false, material representations to the Plaintiff about conveying 50% of the membership interests in Aries to the Plaintiff and the Plaintiff being paid the same compensation as Kevin Shape if the Plaintiff agreed to devote himself full time to developing and managing the business of Aries with the malicious intent to cause harm to the Plaintiff and/or knowing that their conduct was reasonably certain to cause harm to the Plaintiff.

34. The Plaintiff actually and justifiably relied on the false, material misrepresentations by the Shapes referenced in Paragraph 33 herein.

35. The Shapes concealed from Plaintiff and failed to disclose material facts to Plaintiff regarding the fact that they were not going to transfer 50% of the Membership Interests in Aries Pest Control, LLC to Plaintiff.

36. The Shapes knew the Plaintiff was ignorant of the fact that they were not going to transfer 50% of the Membership Interests in Aries Pest Control, LLC to Plaintiff and did not have an equal opportunity to discover the facts.

37. The Shapes were deliberately silent when they had a duty to disclose the facts that they were not going to transfer 50% of the Membership Interests in Aries Pest Control, LLC to Plaintiff because Specifically, the Shape Defendants had a duty to disclose material facts, that they were not going to convey 50% of Aries' Membership Interests, because they made a representation, that they were going to convey 50% of Aries' Membership Interests to Plaintiff, that created a substantially false impression. The information the Shape Defendants withheld from Plaintiff, was material.

38. Plaintiff actually and justifiably relied on the Shapes nondisclosure of the facts that they were not going to transfer 50% of the Membership Interests in Aries Pest Control, LLC to Plaintiff.

39. The Shapes willfully and maliciously caused injury to Plaintiff and Plaintiff's property interests when they accepted the services the Plaintiff provided to Aries Pest Control, LLC as a result of the Shapes' above-described false, material representations to the Plaintiff.

40. As a result, the Shapes debt to the Plaintiff is non-dischargeable under 11 U.S.C. §523(a)(6).

## VI.
## FRAUDULENT CONCEALMENT AND THE DISCOVERY RULE

41. Azari incorporates the preceding paragraphs 1 through 15 in the "Factual Background" Section as if fully set forth herein.

42. The Shape should be precluded from asserting a statute of limitations defense regarding the Plaintiff's claims against the Shapes set forth in Sections III, IV and V herein because the Shapes actively concealed that the had no intention of transferring 50% of the Membership Interests in Aries to the Plaintiff.

43. The accrual of statute of limitations regarding the Plaintiff's claims against the

Shapes set forth in Sections III, IV and V herein should be tolled until February of 2024 because the Plaintiff didn't know, nor should he have known, that the Shapes didn't intend to transfer 50% of the Membership Interests in Aries to the Plaintiff.

## VII. EXEMPLARY DAMAGES

44. Azari incorporates the preceding paragraphs 1 through 15 in the "Factual Background" Section as if fully set forth herein.

45. As a result of the Shapes fraud as pled in Section III herein and fraud by nondisclosure as pled in Section IV herein, Plaintiff is entitled to Exemplary Damages pursuant to Chapter 41 of the Texas Civil Practices & Remedies Code.

## VIII. PREJUDGMENT INTEREST

46. Azari incorporates the preceding paragraphs 1 through 15 in the "Factual Background" Section as if fully set forth herein.

47. Azari seeks recovery of prejudgment interest on all actual damages for which prejudgment interest is recoverable under applicable Texas law, including Texas common law and, where applicable, Texas Finance Code Sections 304.102 through 304.104, at the applicable legal rate, calculated from the date prejudgment interest began to accrue through the day preceding entry of judgment.

WHEREFORE, PREMISES CONSIDERED, Azari prays that the Shapes be summoned to appear and answer herein and that upon the trial of this adversary proceeding, the court enter judgment in favor of Azari and against the Shapes: 1) Determining the amount Amy Shape and Kevin Shape are indebted to Azari including Azari's actual damages, exemplary damages, pre-judgment interest and post-judgment interest; 2) Granting judgment in favor of Azari against

Amy Shape and Kevin Shape in the amount so determined by the Court; 3) Determining that the indebtedness represented by each judgment is nondischargeable under the provisions of 11 U.S.C.§523(a)(2)(A) and 11 U.S.C.§523(a)(6); 4) Taxing all costs of this adversary proceeding against the Amy Shape and Kevin Shape; and 5) Granting such other and further relief, both general and special, at law or in equity, to which Azari may show himself to be justly entitled.

Respectfully Submitted,

Dated: October 13, 2026

**THE LAW FIRM OF T. WADE JEFFERIES**
111 CONGRESS AVE., SUITE 500
AUSTIN, TX 78701

/S/ T. WADE JEFFERIES
T. WADE JEFFERIES
BAR NO: 00790962
PHONE: (737) 309-0493
EMAIL: TWADEJEFFERIES@TWJ-LAW.COM

LEAD COUNSEL FOR THE PLAINTIFF, NIMA AZARI

AND;

/s/ Weldon Ponder
B. WELDON PONDER, JR.
Attorney at Law
State Bar of Texas No. 16110400
Spicewood Professional Offices
4408 Spicewood Springs Road
Austin, Texas 78759
Phone (512) 342-8222 / Fax (512) 342-8444

BANKRUPTCY COUNSEL FOR THE PLAINTIFF, NIMA AZARI